## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 5:22-cr-00227

ALAN J. DISOMMA, JR.

### <u>ORDER</u>

Pending are Defendant Alan J. Disomma, Jr.'s Motion to Use Courtroom Technology [ECF 98], filed October 27, 2023, and Motion to Identify Government Exhibits to be Used at Trial [ECF 105], filed on November 1, 2023.

Inasmuch as Mr. Disomma's Motion to Use Courtroom technology expresses his desire to use courtroom technology at trial to present evidence to the jury, the Court directs Mr. Disomma to comply with Local Rule of Criminal Procedure 12.1(e), which provides a Notice of Certification for Use of Courtroom Technology must be filed after the court's technology staff has been contacted if courtroom technology is required for a proceeding.[1] The Court recognizes that Mr. Disomma is limited in his ability to contact the court's technology staff and schedule training/testing of the anticipated equipment due to his incarcerated status. Mr. Faerber has been appointed as Mr. Disomma's advisory counsel and as such can assist Mr. Disomma in "overcoming routine procedural or evidentiary obstacles to the completion of some specific task … that the

---

[1] "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

defendant has clearly shown he wishes to complete." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). The Supreme Court has held:

> [a] defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense.

*Id.* at 183-84. Therefore, the Court **DENIES** Mr. Disomma's Motion to Use Courtroom Technology and **DIRECTS** Mr. Disomma to comply with Local Rule of Criminal Procedure 12.1(e) and file a Notice of Certification for Use of Courtroom Technology.

Also pending is Mr. Disomma's Motion to Identify Government Exhibits to be Used at Trial. In his motion, Mr. Disomma requests the Court to order the Government to identify the exhibits, messages, testimony, and recorded statements it intends to use at trial. The Government filed its response [ECF 107], November 2, 2023.

The Government contends that it has not yet decided which exhibits it plans to use at trial and even if it had identified the exhibits it wishes to use Mr. Disomma is not entitled to that information. Pursuant to *Federal Rule of Criminal Procedure* 16(a) and the Arraignment Order and Standard Discovery Requests [ECF 16], the Government asserts disclosure of its exhibits and witness list are not required. Further, the Government has produced extensive discovery in this case and as such contends that any exhibit it intends to use at trial has already been disclosed to Mr. Disomma. However, the Government will provide Mr. Disomma with a courtesy copy of its proposed exhibits in advance of trial, but not the list of proposed witnesses.

The United States Court of Appeals for the Fourth Circuit has previously "interpreted Rule 16 of the *Federal Rules of Criminal Procedure* governing discovery and inspection as placing the decision regarding pre-trial disclosure of witness lists within the sound discretion of the trial court." *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996); *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973). "As for the demand of the defendants for a list of the Government's witnesses, they were not entitled of right, in this non-capital case, to such pretrial disclosure." *Anderson*, 481 F.2d at 693; *United States v. Jones*, 469 F. App'x 175, 180 (4th Cir. 2012). "There is nothing as plain as the statute [i.e., the Jencks Act] in terms of stating that no pretrial statement in the possession of the government shall be subject to subpoena, discovery or inspection until the individual witness has testified on direct examination in the trial of the case and then only after proper motion by the defendant." *Anderson*, 481 F.2d at 694. "Rule 16 does not require the prosecution to disclose all the minutia [sic] of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." *Id.* (internal citations and quotations omitted).

Notably, the Arraignment Order and Standard Discovery Requests do not address exhibit lists and explicitly provides that "the list of prospective witnesses… need not be served on opposing counsel."

Inasmuch as the Court construes Mr. Disomma's Motion as requesting the Court to order the Government to disclose "all minutiae of evidence, trial strategy, and to delineate with total specificity of the case it intends to present" the Court **DENIES** Mr. Disomma's Motion to Identify Government Exhibits to be Used at Trial.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and his advisory counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: November 15, 2023

Frank W. Volk
United States District Judge