**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

UNITED STATES OF AMERICA,

v. CIVIL ACTION NO. 5:22-cr-00227

ALAN J. DISOMMA, JR.

**MEMORANDUM OPINION AND ORDER**

On December 14, 2023, the Court convened for a Pretrial Conference. There are currently various pending motions that are now ready for adjudication.

**I.**

Pending is the Government's Motion to Continue Trial [**ECF 131**], filed December 7, 2023.

"The Speedy Trial Act requires that a criminal defendant's trial 'commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'" *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (citing 18 U.S.C. § 3161(c)(1)). "[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *Pair*, 84 F.4th at 582.

18 U.S.C. § 3161(h) provides periods of delay excludible in computing the time within which trial must commence. Section 3161(h)(1) excludes any period of delay resulting from other proceedings concerning the defendant. Those periods include (1) delay resulting from the analysis and prompt disposition of pretrial motions and (2) delay necessary to determine the

accused's mental competency. Section 3161(h)(7)(A), is a residual, "ends-of-justice" delay exclusion providing as follows:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>>
>> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>>
>> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>>
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

> (C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(7).

The Court may grant an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A) when the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. "Consent of the defendant is not listed among the several factors that a court should consider in granting an ends-of-justice continuance." *Pair*, 84 F.4th at 586. The Court may consider "whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Mr. Disomma's trial was originally scheduled for February 14, 2023. Following a hearing on February 9, 2023, however, Mr. Disomma was committed to the custody of the Attorney General for a psychiatric evaluation. On September 8, 2023, the Court found Mr. Disomma competent to stand trial, granted his motion to proceed pro se, and set trial for November 7, 2023. On October 17, 2023, the Court continued trial to December 12, 2023, to allow for resolution of Mr. Disomma's motions and completion of the parties' trial preparations. On December 7, 2023, the Court held a Pretrial Conference where, after being reinformed by the Court of his Sixth Amendment right to counsel and the waiver of that right, Mr. Disomma changed course once again and requested counsel. As a result, the Court continued the Pretrial Conference to December 14, 2023, and proposed continuing trial for a period of one week to December 19, 2023, to allow Mr. Disomma's newly reinstated counsel Mr. Faerber time to prepare for trial.

The Government filed the instant Motion to Continue the same day. In support of its motion, the Government asserts that its long-serving and fully prepared second chair is scheduled to be out of the office on a pre-paid holiday vacation; foremost, however, it notes one of its witnesses is scheduled to be in Pittsburgh, Pennsylvania, for mandatory training during the trial date selected by the Court. The Government conferred with Mr. Faerber prior to filing the Motion to Continue. Mr. Faerber indicated 30 days would enable him to be fully prepared for trial.

Inasmuch as Mr. Disomma unseasonably requested counsel be appointed anew five days before trial on December 7, 2023, and that (1) Mr. Faerber requires adequate time for trial preparation, (2) a discontinuity of counsel for the Government must now be avoided, and (3) a further continuance is required to assure attendance of the Government's witnesses, the Court **FINDS** the ends of justice served by granting this continuance outweigh the best interests of the public and Mr. Disomma in a speedy trial.

Moreover, the Court noted on December 14, 2023, entrapment is a central component to Mr. Disomma's defense. That point arose after lead counsel for the Government noted that, on January 24, 2024, she is arguing the case of *United States of America v. Makel Elboghdady*, S.D.W.V. Case No. 3:20-cr-00069, *appeal docketed,* No. 22-4194 (4th Cir. March 30, 2022). The case involves the same undercover operation used in Mr. Disomma's case. Given the centrality of an entrapment defense for Mr. Disomma -- and the likelihood that the appellate argument session may well provide insight into the panel's direction -- a continuance until after the oral arguments in *Elboghdady* will aid both the Court and the parties on the entrapment issue. It may also avoid a potential miscarriage of justice resulting from error -- and potentially a retrial -- that might result from lacking the insights gained from argument.

Accordingly, the Court **FINDS** this is a further ground indicating the ends of justice are best served under 18 U.S.C. § 3161(h)(7)(A) by continuing trial until after oral arguments in *Elboghdady* and that such outweigh the best interest of the public and Mr. Disomma in a speedy trial.

Based upon the foregoing, the Court **ORDERS** the trial, previously scheduled for December 12, 2023, **CONTINUED to February 20, 2024, at 9:00 a.m. in Beckley**. The Court additionally **ORDERS** as follows:

1. That counsel must be prepared to select a jury on the Friday immediately preceding trial if so ordered;
2. That the deadline for filing superseding indictments, if any, shall be thirty (30) days prior to the trial date;
3. That the parties must submit their respective proposed witness lists, voir dire, jury instructions and verdict forms no later than **February 12, 2024**. The proposed witness lists, voir dire, jury instructions and verdict forms must be submitted in Microsoft Word format via email to Sydney_Johnston@wvsd.uscourts.gov;
4. That pretrial motions will be heard **February 1, 2024, at 11:00 a.m.**, before the Honorable Omar J. Aboulhosn, United States Magistrate Judge, at the United States District Court in Beckley and that any motions to be addressed at the pretrial motions hearing, as well as any motions in limine, shall be filed no later than **January 24, 2024;**
5. That the parties must notify the Court of any proposed plea agreement so that a plea hearing may be scheduled a week before trial. Should a scheduled plea hearing not be completed, the Court is unlikely to consider that event to support a continuance of the

trial.

II.

Also pending is Mr. Disomma's Motion for Release on Personal Recognizance Bond [ECF 132], filed December 8, 2023. The Government filed its Response in Opposition [ECF 133], on December 11, 2023.

Pursuant to 18 U.S.C. § 3142(f)(1), the Government filed a Motion for Detention Hearing on December 19, 2022. On December 21, 2022, Magistrate Judge Omar J. Aboulhosn found that a rebuttable presumption arose under 18 U.S.C. § 3142(e)(3)(E) that no condition or combination of conditions would reasonably assure the appearance of Mr. Disomma as required and the safety of the community as there is probable cause to believe Mr. Disomma committed an offense involving a minor under 18 U.S.C. §§ 2422 and 2423. Mr. Disomma failed to introduce sufficient evidence to rebut the presumption and has been detained since this hearing.

The Court construes Mr. Disomma's Motion for Bond as a Motion for Review, pursuant to 18 U.S.C. § 3145(b).[1] A defendant ordered detained by a magistrate may seek *de novo* review in the district court. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial

[1] Under 18 U.S.C. § 3142(f), a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." To the extent, that Mr. Disomma's Motion for Bond could be construed as a motion to reopen his detention hearing, Mr. Disomma has not demonstrated his wife's "medically fragile condition" was not previously known to him nor has he demonstrated her condition and the recent foreclosure of his home as having material bearing on his suitability for release. Therefore, the Court construes Mr. Disomma's Motion for Bond pursuant to 18 U.S.C. § 3145(b).

detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished); *United States v. Cutter*, 637 F. Supp. 2d 348, 350 (W.D.N.C. 2009).

Section 3142 governs the release or detention of a defendant pending trial. There is a presumption of detention under 18 U.S.C. § 3142(e)(3), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> . . . .
>
> (E) an offense involving a minor victim under section … 2422, 2423 … of this title.

18 U.S.C. § 3142(e)(3)(E). "Absent a rebuttable presumption in favor of detention, '[p]ursuant to 18 U.S.C. § 3142(b) & (c), the Court must order the pretrial release on bond of a person, subject to certain specified statutory conditions, unless the court finds that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person and the community.'" *United States v. Clay*, No. 2:21-MJ-00069, 2021 WL 1553822, at *2 (S.D.W. Va. Apr. 19, 2021) (citing *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *4 (S.D.W. Va. Feb. 7, 2014) (Johnston, J.)). "Assuming that Defendant successfully rebutted the presumption for detention (or that such presumption did not apply in the first place), the question thus becomes whether the Government proved that no condition or combination of conditions would reasonably assure the appearance of Defendant as required or the safety of any other person or the community." *Covington*, 2014 WL 504880, at *6 (S.D.W. Va. Feb. 7, 2014) (evaluating the record pursuant to the factors set forth in 18 U.S.C. 3142(g) after the defendant successfully rebutted the presumption of detention). If the presumption arises and the movant offers sufficient evidence to rebut it, the court considers the following factors bearing on release:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The indictment charges Mr. Disomma with two counts of violating 18 U.S.C. § 2422(b) and one count of violating 18 U.S.C. §§ 2423(b) and 2423(e). Mr. Disomma asserts his Arizona home is in foreclosure and his wife is "medically fragile" and needs his assistance. Mr. Disomma believes he has prepaid travel to Arizona and limited financial resources that would allow him to travel back to the Southern District of West Virginia for future proceedings. If he were to be released on bond, Mr. Disomma is prepared to wear a GPS monitoring bracelet and undergo supervision in both Arizona and West Virginia. Mr. Disomma contends any other terms and conditions would be sufficient to assure his appearance and the safety of the community.

The circumstances recited within give rise to a finding of probable cause that Mr. Disomma committed acts in violation of 18 U.S.C. §§ 2422(b), 2423(b) and 2423(e). This finding gives rise to the § 3142(e)(3) presumption. And Mr. Disomma has not rebutted the presumption.

Assuming rebuttal, however, the § 3142(g) factors clearly do not support release. First, respecting the nature and circumstances of the offense, it is alleged Mr. Disomma spent more than a year communicating with an undercover officer posing as a woman with two minor children. In the communications, he detailed the sexual acts he would like to engage in with the children. If convicted on all counts, Mr. Disomma faces at least ten years to life imprisonment.

Second, respecting the weight of the evidence, the text messages sent by Mr. Disomma convey he was "into young, incest, and K9" and detailed his plans to have sex with the children. He then traveled from Arizona to West Virginia to engage in the described sexual acts. When Mr. Disomma was then arrested in West Virginia, he was found to have a bottle of generic Viagra containing 29 pills.

Third, respecting his history and characteristics, Mr. Disomma is a convicted felon following a 1995 homicide. He was sentenced to nine years in prison. The gravity of the offense properly factors into the statutory mix despite being dated. Moreover, Mr. Disomma is neither a West Virginia resident nor in possession of the funds necessary to return.

Last, respecting the danger Mr. Disomma poses to the community, he is indicted on three serious offenses against minors. As noted, his conversations with the undercover officer were not a one-off -- they went on for over a year. Viewed in the light most favorable to public safety, this indicates an impassioned desire to engage in sex with children.

Inasmuch as each of the statutory factors weighs strongly against release, Mr. Disomma's request is patently groundless. Additionally, he lacks a suitable residence for release and the Pretrial Services Report ("PTSR") completed on December 20, 2022, reflects his desire that the Probation department not contact his wife. This is, at best, highly unusual. Additionally, the PTSR provides Mr. Disomma's residence is located within a mile of two churches and an

elementary school, all of which might reasonably be expected to be frequented by minor children. A further concern is birthed by the fact that he apparently permits unhoused individuals to reside in his garage. Also, in the residence Mr. Disomma possesses electronic devices and internet service.

Mr. Disomma fails to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3)(E). No condition or combination of conditions will reasonably assure the appearance of Mr. Disomma as required and the safety of the community. Therefore, the Court **DENIES** Mr. Disomma's Motion for Bond [**ECF 132**].

**III.**

There are four pending Motions in Limine filed by the Government. The Court **DENIES WITHOUT PREJUDICE** the Government's Motion to Prohibit Defendant from Premature Argument [**ECF 100**], filed October 30, 2023, the Government's Motion to Prohibit Pro Se Defendant from Testifying in Narrative Form [**ECF 102**], filed October 30, 2023, the Government's Motion to Preclude Testimony Related to Defendant's Mental Health [**ECF 24**], filed January 17, 2023, and the Government's Motion to Preclude Argument and Evidence Advocating Jury Nullification [**ECF 104**], filed October 30, 2023, subject to refiling in accordance with this Order.

**IV.**

Acting in a pro se capacity, Mr. Disomma filed a Motion for Leave to File Request for a Hearing Before Start of Trial [**ECF 113**], on November 27, 2023. On December 14, 2023, the Court held a Pretrial Conference where it addressed Mr. Disomma's Motion. Therefore, the Court **DENIES AS MOOT** Mr. Disomma's Motion for Leave to File Request for a Hearing Before Start of Trial [**ECF 113**]. Inasmuch as Mr. Disomma's Motion for Leave to File Request

for a Hearing Before Start of Trial was filed by Mr. Disomma in a pro se capacity and alleges there are missing text messages from the Government's discovery, the Court inquired of Mr. Disomma's reappointed counsel as to the status of this matter. Mr. Faerber represented that he believed discovery to be complete. However, after consulting with his client Mr. Faerber informed the Court that Mr. Disomma still has "a lot of issues" remaining with the discovery. The Court **INSTRUCTED** Mr. Faerber to consult with Mr. Disomma about whether he would like to seek approval for a forensic expert to develop the evidentiary record as to this matter. On December 20, 2023, Mr. Disomma filed a Notice of Intent to Abandon Missing Message Issue. [ECF 136]. In the Notice Mr. Disomma abandons his inquiry into the missing messages, will not seek expert consultation on the issue, and provides that he will not raise the missing message at trial.

**V.**

Pending are Mr. Disomma's Second Motion to Dismiss Indictment as a Matter of Law [ECF 76], filed August 22, 2023, Motion to Dismiss for Fast and Speedy Trial Violation [ECF 85], filed October 10, 2023, and Mr. Disomma's Objection's to the Order and Proposed Findings & Recommendation ("PF&R"). On November 7, 2023, Magistrate Judge Aboulhosn filed his Order and Proposed Findings and Recommendation ("PF&R").

Objections in this case were due on November 24, 2023. The Court construes Mr. Disomma's Objections to the Order PF&R [ECF 114], received by the Court on November 27, 2023, as timely given the "prison mailbox rule." *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (finding "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk'" (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). Upon review of the envelope accompanying Mr. Disomma's Objections to the PF&R, the mail was placed into the postal system on November 21, 2023. [ECF 113-1].

*Rule* 59(b)(2) provides "a party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). "[A]n objection stating only 'I object' preserves no issue for review." *Id.* (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

Mr. Disomma contends "there were some errors to the material facts and law as they apply to the case at bar," but fails to direct the Court to the specific errors of fact or law for the Court to consider.

Accordingly, the Court **OVERRULES** Mr. Disomma's Objections to the Order and PF&R [ECF 114], **ADOPTS** the PF&R [**ECF 109**], and **DENIES** Mr. Disomma's Second Motion to Dismiss Indictment as a Matter of Law [**ECF 76**] and Motion to Dismiss for Fast and Speedy Trial Violation [**ECF 85**].

*Federal Rule of Criminal Procedure* 59(a) provides a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense" and that a "district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *See also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is nevertheless left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948); *see also United States v. Perez*, 752 F.3d 398, 407 (4th Cir. 2014).

As noted above, Mr. Disomma provides no evidence for the Court to consider in deciding whether Magistrate Judge Aboulhosn's order is contrary to law or clearly erroneous.

Therefore, the Court **OVERRULES** Mr. Disomma's Objections to the Order and PF&R and **AFFIRMS** the findings therein denying Mr. Disomma's Motion to Retain Expert Witness [**ECF 86**], and Motion to Compel Attendance of Witness [**ECF 87**], and denying as moot Mr. Disomma's Motion Requesting Access to Defendant Cell Phone [**ECF 99**].

**VI.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and his counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: January 12, 2024




Frank W. Volk
United States District Judge