UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.  CIVIL ACTION NO. 5:22-cr-00227

ALAN J. DISOMMA, JR.

**MEMORANDUM OPINION AND ORDER**

On February 22, 2024, the Court held a charge conference. During the conference, Defendant Alan J. Disomma, Jr. requested an entrapment instruction be given. The Court **DENIED** the request. The analysis underlying that decision follows within.

**I.**

Mr. Disomma was charged in a three-count Indictment with two counts of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), with Counts I and II pertaining respectively to fictional Minor Victim 1 and Minor Victim 2; and one count of traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and 2423(e). The charges stem from Mr. Disomma allegedly (1) using cellular networks and the internet to knowingly attempt, persuade, induce, entice, or coerce two minors to engage in sexual activity, and (2) traveling from Payson, Arizona, to Charleston on or about December 18, 2022, for the purpose of engaging in illicit sexual conduct with the two minors.

**II.**

*Federal Rule of Criminal Procedure* 30(a) provides in pertinent part "[a]ny party may request in writing that the court instruct the jury on the law as specified in the request." *Id.*

"[A] trial court has considerable discretion in choosing the specific wording of its instructions." *United States v. Raza*, 876 F.3d 604, 623 (4th Cir. 2017) (citing *United States v. Hager*, 721 F.3d 167, 185 (4th Cir. 2013).

### III.

"Entrapment is an affirmative defense consisting of 'two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct.'" *United States v. Brown*, 681 Fed. App'x 268, 269 (4th Cir. 2017) (quoting *Matthews v. United States*, 485 U.S. 58, 63 (1988)). "The first element, 'inducement,' requires more than mere solicitation by the government[.]" *United States v. Hsu*, 364 F.3d 192, 198 (4th Cir. 2004). "'Inducement' is a 'term of art' necessitating 'government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party.'" *Id.* (internal citations omitted). "The second element, 'predisposition,' refers to 'the defendant's state of mind before government agents make any suggestion that he shall commit a crime[.]'" *Id.* "[T]he government does not entrap a defendant, even if he does not specifically contemplate the criminal conduct prior to this 'suggestion,' if 'his decision to commit the crime is the product of his own preference and not the product of government persuasion.'" *Id.* Simply put, "when government agents merely offer an opportunity to commit the crime and the defendant promptly avails himself of that opportunity, an entrapment instruction is not warranted." *United States v. Ramos*, 462 F.3d 329, 335 (4th Cir. 2006) (citing *United States v. Harrison*, 37 F.3d 133, 136 (4th Cir. 1994)).

To obtain an entrapment instruction, the Defendant "bears the initial burden of producing more than a scintilla of evidence of entrapment." *Hsu*, 364 F.3d at 198 (internal

2

quotations and citations omitted); *see id.* at 200 ("[T]o be entitled to an entrapment instruction, a defendant must produce 'more than a scintilla' of evidence of 'inducement,' defined as solicitation *plus* some overreaching or improper conduct on the part of the government.") (emphasis in original). "[A] defendant is only entitled to an entrapment instruction when there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* at 198-99 (cleaned up). In other words, a district court may refuse an entrapment instruction as a matter of law "when there is no evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready and willing to commit it." *Id.* at 199 (internal quotations omitted).

At trial, Mr. Disomma's defense was based on a "reverse sting" that he alleged he was operating on a fetish website. Mr. Disomma testified that watching Law and Order SVU, along with enduring his own daughter's history of sexual abuse, motivated him to run the "reverse sting." He testified the text messages and phone calls between him and the undercover officer were all exchanged in an attempt to save the two minor children. Mr. Disomma testified this was an opportunity for "redemption."

Following Mr. Disomma's request for the entrapment instruction, the Court noted the defense of entrapment seemed inconsistent with Mr. Disomma's theory of defense. Mr. Disomma asserted entrapment could be urged in the alternative based upon pleas of challenging financial circumstances made to him by the fictitious mother, in actuality an undercover officer. The Government responded entrapment is an affirmative defense, and the undercover officer's poverty pleas would not induce a person to pursue sexual activity with two minor children. Additionally, the Government asserted Mr. Disomma's theory of the case negated any possible evidence of entrapment.

3

The facts in Mr. Disomma's case are distinct from those in *United States v. Elboghdady*, S.D.W.V. Case No. 3:20-cr-00069, *appeal docketed*, No. 22-4194 (4th Cir. March 30, 2022), a case for which the Court continued trial awaiting oral arguments. The undercover modus was the same in both *Elboghdady* and this case. But in Mr. Disomma's circumstances, he spent almost a year exchanging messages with the undercover officer, describing in great and lurid detail the sexual acts he desired to engage in with the children. Within the first five messages exchanged on the fetish website, Mr. Disomma expressed to the undercover officer his interests in young victims, incest, and "K9." [Tr. Ex. 4 at 2]. Mr. Disomma also told the undercover officer he took his 9-year-old niece's virginity and introduced her to bestiality when she was 13 years old. [Tr. Ex. 5(a) at 23–24]. Additionally, he traveled to Charleston to meet the fictitious mother and children carrying a bevy of sildenafil (Viagra) tablets. [Tr. Ex. 19]. Mr. Disomma was also convicted of a 1995 homicide.

Mr. Disomma's theory of the case did not support the entrapment instruction. Further, Mr. Disomma failed to produce "more than a scintilla of evidence of entrapment." *Hsu*, 364 F.3d at 198 (internal quotations and citations omitted). Accordingly, the Court **DENIED** Mr. Disomma's request for the entrapment instruction.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, and to the United States Attorney.

ENTER: March 12, 2024



Frank W. Volk
United States District Judge