# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                              CIVIL ACTION NO. 5:22-cr-00227

ALAN J. DISOMMA, JR.

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Alan J. Disomma, Jr.'s Motion for New Trial [ECF 158], and Motion for Judgment of Acquittal [ECF 159], both filed March 1, 2024. The Government responded in opposition on March 8, 2024. [ECF 167]. The matters are ready for adjudication.

## I.

On December 20, 2022, Mr. Disomma was charged in a three-count Indictment with (1) two counts of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) -- with Counts I and II pertaining respectively to fictional Minor Victims 1 and 2 -- and (2) Count III, which alleged traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and 2423(e). The charges stem from Mr. Disomma allegedly (1) using cellular networks and the internet to knowingly attempt, persuade, induce, entice, or coerce two minors to engage in sexual activity, and (2) traveling from Payson, Arizona, to Charleston on or about December 18, 2022, for the purpose of engaging in illicit sexual conduct with the two minors.

After having moved likewise during trial, on February 22, 2024, Mr. Disomma moves anew pursuant to *Federal Rule of Criminal Procedure* 29. Mr. Disomma contends the evidence introduced at trial was insufficient to prove he had criminal intent. Mr. Disomma also moves for a new trial on the same grounds pursuant to *Rule* 33.

## II.

A.  **Governing Standards**

*Federal Rule of Criminal Procedure* 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Cim. P. 29(c)(1). In assessing a *Rule* 29 motion, the court must determine "whether, viewing the evidence in the light most favorable to the government, the jury's verdict is supported by 'substantial evidence,' that is, 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "A defendant contending that there was insufficient evidence to support his guilty verdict 'must overcome a heavy burden.'" *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (quoting *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017)). "So '[r]eversal evidence is reserved for the rare case where the prosecution's failure is clear.'" *Id.* at 477-78 (quoting *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010)).

Pursuant to *Rule* 33, "[a] district court retains discretion to grant a new trial if doing so is in 'the interest of justice.'" *United States v. Millender*, 970 F.3d 523, 531 (4th Cir. 2020) (quoting Fed. R. Crim. P. 33(a)). "[I]n deciding whether to grant a new trial based on the weight of the evidence, a district court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *Id.* at 532 (internal quotations omitted). Nonetheless, a "court should exercise its discretion to grant a new trial sparingly." *United States v. Palin*, 847 F.3d 418, 423 (4th Cir. 2017) (internal quotations omitted). "A new trial is warranted only '[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter

judgment.'" *Millender*, 970 F.3d at 531 (quoting *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985)). If a court concludes a new trial is warranted, it "'must specify the reasons for [its] determination.'" *Id.* (quoting Fed. R. Crim. P. 29(d)(1)).

"To convict a defendant of attempt, the government must prove beyond a reasonable doubt that the defendant (1) had 'culpable intent' to commit the substantive crime and (2) took a 'substantial step towards completion of the crime that strongly corroborates that intent." *Haas*, 986 F.3d at 478 (quoting *United States v. Engle*, 676 F.3d 405-419-20 (4th Cir. 2012)).

**B.     Mr. Disomma's Motion for Acquittal**

To sustain Mr. Disomma's convictions on the first two counts, the Government was obliged to prove beyond a reasonable doubt that he attempted to persuade, induce, entice, or coerce another person who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with a criminal offense, and that, in doing so, he used any facility or means of interstate commerce, and that he acted knowingly in all respects. Respecting Count III, the Government was obliged to prove beyond a reasonable doubt that Mr. Disomma traveled in interstate commerce, and he did so for the motivating purpose of engaging in illicit sexual activity with another person. The Government must also have proven beyond a reasonable doubt that Mr. Disomma intended to travel in interstate commerce for the motivating purpose of engaging in any illicit sexual activity with another person, and he committed an act which constituted a substantial step towards the commission of the travel in interstate commerce for the purpose of engaging in any illicit sexual activity with another person.

Mr. Disomma alleges the "Government failed to present sufficient evidence to demonstrate that the Defendant had the necessary criminal intent." Additionally, he asserts his trial

testimony established he lacked the requisite intent and further explained his actions. The Government's response in opposition included references to the following trial exhibits which support the verdict: (1) Mr. Disomma's profile on the fetish website, (2) messages exchanged between Mr. Disomma and the undercover officer on the fetish website, (3) nearly 2,000 text messages exchanged between Mr. Disomma and the undercover officer, (4) numerous recorded phone calls, and (5) a nearly-full prescription bottle of sildenafil (Viagra) tablets.

When viewing the evidence in the light most favorable to the Government, Mr. Disomma unquestionably harbored the intent to commit the crimes alleged. Mr. Disomma's profile on the fetish website displays his fetishes as daddy/girl and taboo. [Tr. Ex. 3]. Additionally, he was a member of the group ".Daddies or (adult) Little Girls Willing to Relocate: PERSONALS" [*Id.*]. As the Court previously noted in its March 12, 2024, Memorandum Opinion and Order, within the first five messages exchanged on the fetish website, Mr. Disomma expressed his interests in young victims, incest, and "K9." [Tr. Ex. 4 at 2]. Further, in text messages exchanged between himself and the undercover officer, Mr. Disomma described in lurid detail the sexual acts he desired to engage in with the children. He asked the undercover officer to show the children pornography and sent links to various pornography videos via email. [Tr. Ex. 13]. He also told the officer that he took his 9-year-old niece's virginity and introduced her to bestiality when she was 13 years old. [Tr. Ex. 5(a) at 23–24]. Lastly, Mr. Disomma traveled from Payson, Arizona, to Charleston to meet the undercover officer and her purported minor children, all while carrying a considerable quantity of sildenafil (Viagra) tablets. [Tr. Ex. 19].

Mr. Disomma's testimony recounted the "reverse sting" he alleged to have been running on the undercover officer in an attempt to explain his actions. However, his testimony was not supported by any evidence other than his own statements. His testimony was, frankly,

incredible and entirely false in root and branch. Accordingly, the Court concludes Mr. Disomma's convictions on all three counts are undeniably supported by substantial evidence. For this same reason, Mr. Disomma's *Rule* 33 motion fails.

### III.

Based upon the foregoing discussion, and having considered the entirety of the record, the Court **DENIES** Mr. Disomma's Motion for Judgment of Acquittal [**ECF 159**] and Motion for New Trial [**ECF 158**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 10, 2024

Frank W. Volk
United States District Judge