**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVIISION**

UNITED STATES OF AMERICA

V.                                                     CRIMINAL NO. 5:22-CR-227

ALAN DISOMMA

## DISOMMA SENTENCING MEMORANDUM

Alan Disomma, by counsel, Kristopher Faerber, hereby submits this sentencing memorandum. It must be noted that Mr. Disomma disputes the verdict of the jury and intends to appeal this matter.

## OBJECTIONS

Mr. Disomma offers the following objections to the presentence report that has been prepared in this matter:

**Obstuction of Justice Enhancement -** Paragraph 13 and 25

The two point enhancement for obstruction should not be applied. U.S.S.G. § 3C1.1 provides for a two-level increase in a defendant's offense level if they, "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." Within the commentary, application note 2 states, "A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision".

Here, the Defendant has consistently denied guilt and that should not be used as a basis for an obstruction enhancement. Mr. Disomma maintains his testimony was truthful, notwithstanding the jury verdict. The Guideline application notes state, '[t]his provision is not intended to punish a defendant for the exercise of a constitutional right."

Here, Mr. Disomma exercised his constitutional rights to maintain a plea of not guilty, to have a trial, and to present a defense. Mr. Disomma exercising his constitutional rights is not cause to apply the enhancement.

Moreover, perjury is not included in the text of the guideline. The term perjury appears in the commentary. Because perjury is not part of the plain meaning of "obstruction" and is only included in the commentary, it cannot serve as a basis for imposing the enhancement.

Perjury and obstruction of justice are separate offenses in federal law. *See* 18 U.S.C. §§ 1503; 1621 The addition of perjury in the commentary inconsistently expands the Guideline itself. In light of *United States v. Campbell*, 22 F.4th 438, 446 (4th Cir. 2022), applying the obstruction enhancement solely on the basis of perjury is error.

The report recommends the enhancement based solely on Mr. Disomma's testimony at trial (perjury). Therefore, the two point enhancement for obstruction should not be applied.


**Minor under 12 Enhancement** - Paragraph 22

The eight point enhancement under U.S.S.G. §2G1.3(b)(5) should not be applied. The evidence does not support a finding that the offense involved a minor under 12. Important to note, the Government elected not to proceed with a burden of proving the offense involved a minor under 12. Ultimately, the "offense" that Mr. Disomma was convicted of did not involve a minor under 12. While it is true there was a reference to an eleven year old, the offense of conviction did not involve a minor under 12. This enhancement focuses on the Defendant's intent, and the jury determined the minor was not under 12 when Mr. Disomma formed his intent. The evidence is insufficient to determine the minors age at any other point to contrast against the Defendant's intent. Therefore, U.S.S.G. §2G1.3(b)(5) should not be applied.

**Pattern of activity involving prohibited sexual conduct Enhancement-** Paragraph 52

The five point enhancement under U.S.S.G. §4B1.5(b)(1) does not apply. The evidence does not support a finding that Mr. Disomma engaged in a pattern of activity involving prohibited sexual conduct on at least two separate occasions. The Report states, "specifically, the offense involved the separate enticement of two different minor victims." Here, the evidence viewed in total represents a single event, not separate occasions.

Therefore, the five point enhancement under U.S.S.G. §4B1.5(b)(1) should not be applied.

## GUIDELINE CALCULATION

Following is the Guideline calculation offered by Mr. Disomma:

Base Offense Level

    Pursuant to U.S.S.G. §2G1.3(a)(3), if the defendant is convicted under
18 U.S.C. § 2422(b), the Base Offense Level is -

                                                            **28**

Computer Enhancement

    Two level enhancement under U.S.S.G. §2G1.3(b)(3)(B) -

                                                            **30**

Closely Related Counts Enhancement

    Four level enhancement U.S.S.G. §3D1.4 -

                                                            **34**

**Criminal History Category I**

                        **Guideline Range Sentence 151-188**

## 18 U.S.C. § 3553(a) FACTORS

To reach its sentence, the Court must weigh the factors listed in § 3553(a). This Court has significant discretion in sentencing, provided, the sentence is reasonable. While a court is required to

consider the guidelines in sentencing a defendant, it is not bound by them. *United States v. Booker*, 543 U.S. 220, 264 (2005).

Mr. Disomma argues a sentence of 120 months best accomplishes the goals of sentencing, and is sufficient without being greater than necessary. Mr. Disomma challenges the determination of the jury and intends to appeal his conviction.

Throughout the proceeding Mr. Disomma has maintained the Government's conduct was outrageous. Mr. Disomma argues the outrageous nature of the Government's conduct warrants a minimal sentence in this matter. Further, Mr. Disomma points to the online persona nature of the case as a consideration that weighs in favor of a minimal sentence.

Mr. Disomma argues his age is a mitigating factor. Mr. Disomma argues a sentence of 120 months equates to a life sentence for him, and is therefore sufficient without being greater than necessary. Mr. Disomma argues he will be approximately seventy years old after serving 120 months and he is unlikely to reoffend at that age. Further, Mr. Disomma will be released to an extremely high level of supervision further reducing the likelihood of recidivism.

Mr. Disomma argues his age is compounded by his health condition. Mr. Disomma describes his health as poor and rapidly deteriorating. As documented in the PSR, Mr. Disomma suffers from Type II diabetes, an immobilized right thumb, high cholesterol, frost bite to his toes, vertigo, neuropathy, early onset dementia and more. This is a significant list of medical issues that support a minimal sentence, particularly when considering a minimal sentence in 120 months.

Mr. Disomma argues his personal history detailed in the report reveals he is capable of living in civilized society. As indicated in the report Mr. Disomma has zero criminal history points. He describes himself as someone who wants to help other people. Mr. Disomma describes himself as very generous and caring. The aforementioned personal characteristics support a sentence of 120 months.

Here, Mr. Disomma recognizes the serious nature of the offenses. Mr. Disomma argues a sentence of 120 months fully recognizes the seriousness of the offenses and is a just punishment. Further, a sentence of 120 months is a significant deterrent to prevent others from committing similar offenses.

Therefore, for the reasons states herein Mr. Disomma requests a sentence of 120 months.

Respectfully submitted,

*/s/Kristopher Faerber*

_____

Kristopher Faerber, WVSB#9961
Post Office Box 862 ● Lewisburg, West Virginia 24901
*t* 304.646.5988 ● *f* 844.646.5988
*faerberlaw@gmail.com*